# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVE DURAN,

    Appellant,                                    No. 1:17-cv-00690-MCA-KRS

v.

CRAIG H. DILL et al.,

    Appellees.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On June 21, 2017, the United States Bankruptcy Court for the District of New Mexico entered an order approving the sale of eight bowling lanes and related equipment pursuant 11 U.S.C. § 363(f). Dissatisfied with the result, Appellant Steve Duran, who had objected to the sale below and lost following a bench trail in the Bankruptcy Court, appealed. Although Duran filed the appropriate notice, and the parties elected to proceed in this Court, Duran did not perfect the appeal by designating the record and filing a statement of issues. *See* Fed. R. Bankr. P. 8009(a)(1)(A). Acting under an order of reference to conduct proceedings, *see* 28 U.S.C. § 636, the Court issued Duran an order to cure the defects by August 11, 2017. Duran failed to do so and, in fact, has not taken any action on the matter since filing the notice of appeal. The Court now **RECOMMENDS** that the appeal be **DISMISSED** for lack of prosecution.

## ANALYSIS

The governing law is straightforward. Duran was required to "file with bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). Duran filed his notice of appeal on June 28, 2017, giving him until July 12, 2017 to submit the designation and statement. *See* Fed. R. Bankr. P. 8002(a)(1); 8009(a)(1)(B)(i) (together requiring the designation

and statement to be filed within fourteen days after the notice of appeal is filed). Duran did not file these documents, and the Clerk of the Bankruptcy Court therefore filed a notice that the Clerk was unable to transmit the record on appeal.

After this Court received the Clerk's notice, the Court gave Duran the opportunity to file paperwork to perfect his appeal and allowed him until August 11, 2017 to cure the procedural defects. Despite this additional chance, neither the Bankruptcy Court docket nor the record in this case reflects that Duran has complied with his obligations under Rule 8009. At this juncture, Duran has taken no action on the appeal that the Court can discern since paying the filing fee. The Court therefore recommends dismissal because Duran has not prosecuted his appeal. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (upholding district court dismissal of *pro se* appeal from the bankruptcy court for failure to prosecute where "plaintiffs had failed both to designate the record on appeal and to file a statement of the issues to be raised" and also "did not file a brief within the time designated by the district court").

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** the appeal be **DISMISSED** for lack of lack of prosecution.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.